IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIA MASON, et al.,

    Plaintiff,

v.

PATROLMAN BRYAN HOLMES,
et al.,

    Defendants.

Case No. 2:12-cv-00527
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court on Defendants' motion to dismiss or, in the alternative, to transfer this case to the United States District Court for the Northern District of Ohio. (ECF No. 11.) Plaintiffs filed a response, in which they agree that a transfer of venue to the Northern District of Ohio is appropriate. (ECF No. 14.) This Court **GRANTS** Defendants' requested alternative relief of transfer.

Plaintiffs' Complaint in this case alleges violations of 42 U.S.C. § 1983 arising out of an incident involving Defendant Bryan Holmes, an officer with the City of Warren Police Department. (Compl., ECF No. 2.) Plaintiffs' Complaint alleges excessive force and names Holmes and the City of Warren Police Department as Defendants. Plaintiffs allege that all of the events giving rise to the Complaint took place in the city of Warren, Ohio, which is located in Trumbull County, Ohio. Plaintiffs' Complaint lists an address in the city of Warren, Ohio, for both Defendants and both Defendants were served in the city of Warren. (*Id.*; Summons, ECF No. 7.) The city of Warren, Ohio, and Trumbull County, Ohio are not located in this judicial district; they are located in the Northern District of Ohio.

1

Defendants move to dismiss the Complaint for improper venue. Since all Defendants reside in the Northern District of Ohio and the events giving rise to Plaintiffs' Complaint occurred in the Northern District of Ohio, Defendants ask this Court to dismiss Plaintiffs' Complaint under 28 U.S.C. § 1406. In the alternative, Defendants ask the Court to transfer this case to the Northern District of Ohio. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). For their part, Plaintiffs concede that the Northern District of Ohio is the appropriate venue for this action and agree to Defendants' proposed alternative relief of transferring the case. (Pl.'s Response, ECF No. 14.)

In light of Plaintiffs' concession and § 1406(a)'s allowance of transfer in lieu of dismissal, this Court grants Defendants' motion as to the alternative relief. The Court will therefore transfer this case to the United States District Court for the Northern District of Ohio.

Defendants' motion also asks this Court to dismiss Plaintiffs' Complaint as against the City of Warren Police Department on the basis that the Police Department is not an entity capable of being sued. (Defs.' Mot. 4, ECF No. 11.) The Court agrees with Plaintiffs, however, that this issue should be heard in the transferee court. The Court therefore denies this branch of Defendants' Motion, as it is more appropriate for the United States District Court for the Northern District of Ohio to address this substantive issue following transfer.

∗∗∗

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion (ECF No. 11.) The Court **GRANTS** Defendants' alternative relief and **TRANSFERS** this case to the United States District Court for the Northern District of Ohio.

Defendants' motion to dismiss the action as against Defendant City of Warren Police Department is **DENIED** without prejudice to Defendants renewing this issue in the transferee court, where it is more appropriately considered.

The Clerk shall transfer this case to the United States District Court for the Northern District of Ohio.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE